CAUSE NO. 90197

| | |
|---|---|
| MOSES CAESAR,<br>PLAINTIFF,<br><br>VS.<br><br><br><br>LOWE'S HOME CENTERS, LLC,<br>LOWE'S COMPANIES, INC., AND<br>LOWE'S HOME IMPROVEMENT, LLC<br>DEFENDANTS. | IN THE DISTRICT COURT<br><br>Hunt County - 196th District Court<br>_____ JUDICIAL DISTRICT<br><br><br>HUNT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MOSES CAESAR,** complaining of and about, **LOWE'S HOME CENTERS, LLC, LOWE'S COMPANIES, INC., AND LOWE'S HOME IMPROVEMENT, LLC** ("Defendants") and for cause of action shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2. Pursuant to Chapter 47 of the Texas Rules of Civil Procedure, Plaintiff seeks a maximum recovery of over $250,000.00, but not more than $ 1,000,000,000.

### II. PARTIES AND SERVICE

2. Plaintiff, **MOSES CAESAR** is an individual whose address is 534 Briggs Blvd, East Tawakoni, TX 75472.

3. Defendant **LOWE'S HOME CENTERS, LLC**, a foreign corporation doing business in the state of Texas, may be served with process at the office of its registered agent, Corporation Service Company located at the following address: 211 E. Seventh Street, Suite 620, Austin, Texas 78701.

PLAINTIFF'S ORIGINAL PETITION

Page 1

Defendant will be served with process via private process server at the above address or wherever he may be found. **Issuance of citation is requested at this time.**

4.      Defendant **LOWE'S COMPANIES, INC.**, a foreign corporation doing business in the state of Texas, may be served with process at the office of its registered agent, Corporation Service Company located at the following address: 211 E. Seventh Street, Suite 620, Austin, Texas 78701.  Defendant will be served with process via private process server at the above address or wherever he may be found. **Issuance of citation is requested at this time.**

5.      Defendant **LOWE'S HOME IMPROVEMENT, LLC**, a foreign corporation doing business in the state of Texas, may be served with process at the office of its registered agent, Corporation Service Company located at the following address: 211 E. Seventh Street, Suite 620, Austin, Texas 78701.  Defendant will be served with process via private process server at the above address or wherever he may be found. **Issuance of citation is requested at this time.**

### III.    JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      This court has jurisdiction over Defendants because said Defendants purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.      Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the State of Texas, thereby conferring specific jurisdiction with respect to Defendants.

9.      Furthermore, Plaintiff would show that Defendants engaged in activities constituting business in the State of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in Texas.

10. Venue in Hunt County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

11. On or about May 15, 2020, Plaintiff, **MOSES CAESAR** was an invitee on Defendant's Premises located at 3122 Interstate 30 West Greenville, TX 75402. While Plaintiff was resting on his shopping cart with his elbows and his legs crossed, a Lowe's employee grabbed a paint can in his cart and used both feet to push off the bottom of the cart to lift the paint can out. As a result, the employee violently pushed the cart into Plaintiff causing him to fall to the floor. As a result, Plaintiff suffered bodily injuries and damages.

## V. PLAINTIFF'S CLAIMS FOR PREMISES LIABILITY AGAINST DEFENDANTS

12. At all relevant times herein, Defendants had such control over the premises in question that Defendants owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

13. At all relevant times herein, Plaintiff was an "invitee," as classified under Texas law at the time of the incident in question. Plaintiff entered Defendants' premises in question for the mutual benefit of Plaintiff and Defendants and/or for a purpose connected with the business of Defendants. Defendants' employee had control of the area where Plaintiff was injured.

14. Defendant, Defendants' agents, and employees failed to maintain a safe environment by not properly moving shopping carts from one place to another and not adequately paying attention while using the cart tugging machine.

15. At all times pertinent herein, Defendant, Defendants' agents and employees, who were acting in the scope of their employment, are liable to Plaintiff for their negligent conduct toward the Plaintiff:

    a. In Defendant failing to maintain a safe environment by not safely removing heavy paint cans from Plaintiff's cart.

b. In Defendant failing to have appropriate safety procedures for their employees and agents on how to remove heavy objects, such as paint cans, from customer's shopping carts, to prevent the sort of injuries sustained by Plaintiff;

c. In Defendant, Defendant's employees and agents failing to use due and reasonable care to avoid creating the dangerous environment that caused Plaintiff severe injuries and damages;

d. In Defendant failing to properly train and supervise its employees and agents to p employees and/or agents failing to warn Plaintiff which proximately caused Plaintiff's injuries and damages;

e. In Defendant, through its employee and/or agents, creating an unreasonable risk of harm by creating a dangerous condition thereby putting Defendant on notice because when an owner or occupier of a premise, or those for whose conduct it is responsible, creates a condition that poses an unreasonable risk of harm, an inference of knowledge may arise that Defendant knew or should have known about the risk of danger to Plaintiff. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger,* 597 S.W.2d 560 (Tex. Civ. App.–Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz* , 109 S.W.3d 584, 589 (Tex. 2003); and

## VI. RESPONDEAT SUPERIOR

16. At all relevant times, Defendants' negligent employees were acting in the scope of their employment with Defendants. Therefore, under the principle of respondeat superior, the masters are liable for their servant's torts.

## VII. TRCP 28: SUITS IN ASSUMED NAME

17. Plaintiff hereby invokes the privileges offered under Tex. R. Civ. P. 28, and files this suit against the named Defendants as well as any other individual, partnership or business entity doing business under the assumed name of "Lowe's Home Improvement" or "Lowe's". Plaintiff will substitute the proper and true name of the Defendants doing business as "Lowe's Home Improvement" or "Lowe's" upon the motion of any party or of this Court.

## VII. DAMAGES FOR PLAINTIFF

17. As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff was caused to suffer physical injuries, and to incur the following damages:

A. Reasonable medical care and expenses in the past;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

 C. Physical pain and suffering in the past;

 D. Physical pain and suffering in the future;

 E. Mental anguish in the past;

 F. Mental anguish in the future;

 G. Loss of earnings in the past;

 H. Impairment in the past;

 I. Impairment in the future;

 J. Loss of earning capacity;

 K. Loss of earning capacity in the future; and

 L. Past and future disfigurement.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**TRUJILLO & SANCHEZ, P.C.**

*[signature]*

JAMES D. TRUJILLO
STATE BAR NO. 24056453
DAVID L. SANCHEZ
STATE BAR NO. 24053461
500 E. John Carpenter Fwy.
Irving, Texas 75062
(972) 529-3476 phone/fax
Email: faxes@972lawfirm.com
**ATTORNEYS FOR PLAINTIFF**